# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL NEGRON, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-0263-RWS |
| OFFICER JOHN DOE THOMAS, | : | |
| Defendant. | : | |

## ORDER

Plaintiff, Michael Negron, an inmate at the Coffee Correctional Facility in Nichols, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted in forma pauperis status, and the matter is presently before the Court for a 28 U.S.C. § 1915A review.

I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll

v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).

## II. Plaintiff's Allegations

Plaintiff sues Officer Thomas, alleging that he was subjected to excessive force at the Fulton County Jail. According to Plaintiff, he was in his cell on April 20, 2008, when Officer Hill entered the common area and stated that she smelled cigarette smoke. Officer Hill told the inmates that, if they would put the cigarettes on the table, she would not lock the inmates down. Officer Hill returned to the area a short time later and found that the cigarettes had been placed on the table.

However, Officer Thomas, who had come down from another floor as back up, told the inmates to lock down. Plaintiff alleges that he informed Officer Thomas that

2

Officer Hill had told the inmates that she would not lock them down if they complied with her request. Officer Thomas again directed the inmates to lock down. Plaintiff contends that he requested to speak to a sergeant, at which time Officer Thomas grabbed the front of Plaintiff's shirt and pulled him down. According to Plaintiff, Officer Thomas placed him in a hold that put pressure on his neck. Plaintiff contends that, when he asked Officer Thomas to release him, the officer stomped on his right foot with his boot.

Plaintiff alleges that Officer Thomas and three other officers grabbed his arms and legs and carried him out to the hallway, where Plaintiff was placed on the floor. According to Plaintiff, Officer Thomas bent his left arm back in order to handcuff him. Plaintiff contends that he informed Officer Thomas that he was about to break his arm and to please stop. However, Officer Thomas continued to twist Plaintiff's arm until it "popped." Plaintiff alleges that Officer Thomas dislocated his arm. Plaintiff states that he was transported to Grady Hospital for treatment, but that his arm is now permanently disfigured. Plaintiff seeks damages.

III. Discussion

The United States Supreme Court has stated that "[w]henever prison officials stand accused of using excessive physical force constituting 'the unnecessary and

3

wanton infliction of pain' violative of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 1-2 (1992) (internal citations omitted). The facts alleged in the instant complaint support an inference that the use of force exceeded that which was necessary to restore discipline and rose to the level of retaliation against Plaintiff. Accordingly, Plaintiff's excessive force claim should be allowed to **PROCEED** against Defendant Officer Thomas.

IV. Motions

Since Defendant has not yet been properly served, Plaintiff's motion for declaration for entry of default [Doc. 5] and motion for default judgment [Doc. 6] are hereby **DENIED** as premature.

Further, since Plaintiff's claims are neither factually nor legally so complex as to require the assistance of counsel, see Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989), Plaintiff's motion for appointment of counsel [Doc. 4] is hereby **DENIED**.

4

V. <u>Conclusion</u>

Based on the foregoing, **IT IS ORDERED** that Plaintiff's excessive force claim against Defendant Officer Thomas is hereby **ALLOWED TO PROCEED** as any other civil action.

The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for Defendant within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant. The service waiver package must include, for Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant for return of the waiver form, one (1) copy

of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order.  The Clerk shall retain the USM 285 forms(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to Defendant.  Defendant has a duty to avoid unnecessary costs of serving the summons.  If Defendant fails to comply with the request for waiver of service, Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant.  The service package must include the USM 285 form, the summons, and one (1) copy of the complaint.  Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve Defendant.  The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendant or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the

Court.  Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or his counsel.  This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant advised of his current address at all times during the pendency of this action.  Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED** this  1st  day of July, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)

AO 72A
(Rev.8/82)